UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JEHU HAND,<br><br>    Plaintiff,<br><br>  v.<br><br>UNITED STATES SECURITIES AND<br>EXCHANGE COMMISSION,<br><br>    Defendant. | Civil Action No. 20-3691 (TJK) |

## ANSWER

Defendant, the United States Securities and Exchange Commission ("SEC"), answers the Complaint of Plaintiff, Jehu Hand, as follows. Defendant denies all allegations in the Complaint, including the relief sought, except as specifically admitted in this Answer.

## PARTIES AND JURISDICTION[1]

This paragraph contains Plaintiff's characterization of this action, to which no response is required. To the extent a response is required, Defendant admits that Plaintiff purports to bring this action under the Freedom of Information Act ("FOIA") and deny all remaining allegations in this paragraph.

## CLAIM FOR RELIEF

The first four sentences contained in the first unnumbered paragraph of this heading summarize communications between the parties. These communications are contained as attachments to Plaintiff's supplemental filing in this Court dated April 21, 2021 (ECF No. 15), and speak for themselves. Defendant denies the allegations contained in the fifth sentence of this

---

[1]   For ease of reference, Defendant replicates the headings contained in the Complaint. Although Defendant believes that no response is required to such headings, to the extent a response is deemed required and to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

paragraph. The allegations contained in the sixth sentence of this paragraph are conclusions of law to which no answer is required.

Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in the first two sentences of the second paragraph under this heading. The third sentence of this paragraph quotes Plaintiff's FOIA request submitted to Defendant which is contained as an attachment to Plaintiff's supplemental filing in this Court dated April 21, 2021 (ECF No. 15), and which speaks for itself.

The third, fourth, and fifth paragraphs, including its subparts, under this heading contain quotations from Plaintiff's FOIA request submitted to Defendant which is contained as an attachment to Plaintiff's supplemental filing in this Court dated April 21, 2021 (ECF No. 15), and which speaks for itself.

## BACKGROUND FOR REQUEST

Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in the first paragraph under this heading.

Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in the second paragraph under this heading.

Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in the third paragraph under this heading.

Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in the fourth paragraph under this heading.

Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in the fifth paragraph under this heading

Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in the sixth paragraph under this heading.

Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in the seventh paragraph under this heading.

Regarding the allegations in the eighth paragraph of this heading, Defendant admits that staff of Defendant, after issuing a subpoena to Plaintiff, took the investigative testimony of Plaintiff on April 2, 2013, in Miami, Florida, by video conference in the offices of Defendant, in connection with the SEC matter entitled, *In the Matters of Natural Blue Resources, Inc., James E. Cohen, and Joseph A. Corazzi*, Administrative Proceeding File No. 3-15794, and that one of the attorneys of Defendant who asked questions of Plaintiff during the investigative testimony was Thomas Rappaport. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in this paragraph.

Defendant denies the allegations contained in the ninth paragraph of this heading.

Regarding the allegations in the tenth paragraph of this heading, Defendant admits that it filed an administrative proceeding entitled, *In the Matters of Natural Blue Resources, Inc., James E. Cohen, and Joseph A. Corazzi*, Administrative Proceeding File No. 3-15794.  Defendant denies the remaining allegations contained in this paragraph.

Regarding the allegations in the eleventh paragraph of this heading, Defendant admits that it filed a civil enforcement action against Plaintiff entitled, *Securities and Exchange Commission v. Jehu Hand, et al.*, No. 1:15-cv-14109 (D. Mass.). Defendant denies the remaining allegations contained in the first three sentences of this paragraph.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in the fourth and fifth sentences of this paragraph.

Regarding the last paragraph in this heading, Defendant denies that it engaged in any malfeasance and denies that the information Plaintiff seeks will reveal any malfeasance.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations

contained in the first three sentences in the paragraph. As to the allegations contained in the fourth sentence in the paragraph, Defendant admits that Plaintiff requested a fee waiver in his FOIA request.

Defendant specifically denies each and every allegation of the complaint that is not specifically and expressly admitted herein.

## DEFENSES

### FIRST DEFENSE

The complaint fails to state a claim for which relief can be granted.

### SECOND DEFENSE

Any information that Defendant has withheld or will withhold in response to Plaintiff's request may be exempt in whole or in part from public disclosure under FOIA 5 U.S.C. § 552, et seq. and the Privacy Act, 5 U.S.C. § 552a, et seq.

### THIRD DEFENSE

Defendant has properly assigned Plaintiff's FOIA request to its complex track because it requires review of a voluminous amount of documents. Unless Plaintiff narrows his request, Defendant will not be able to start processing Plaintiff's request until it completes other requests in its complex track.

May 13, 2021                              Respectfully submitted,

              CHANNING D. PHILIPS, D.C. Bar No. 415793
              Acting United States Attorney

              BRIAN P. HUDAK
              Acting Chief, Civil Division

By: */s/ Brenda González Horowitz*
              BRENDA GONZÁLEZ HOROWITZ
              D.C. Bar No. 1017243
              Assistant United States Attorney
              U.S. Attorney's Office, Civil Division
              555 Fourth Street, N.W.
              Washington, D.C. 20530
              Tel: (202) 252-2512
              Brenda.Gonzalez.Horowitz@usdoj.gov

              *Attorneys for the United States of America*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 14th day of May 2021, I caused a copy of the foregoing Answer to be served upon Plaintiff via electronic and first-class mail:

>Jehu Hand
>P.O. Box 2439
>Lake Arrowhead, California 92352
>jehuhand@gmail.com
>*Plaintiff Pro Se*

>>*/s/ Brenda González Horowitz*
>>Assistant U.S. Attorney
>>U.S. Attorney's Office for the District of Columbia